**Matthew Lee JASPAR, Petitioner—Appellant,**

v.

**George GALAZA, Warden, Respondent—Appellee.**

No. 04–16689.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 16, 2005.

Decided June 24, 2005.

---

J. Toney, Esq., Woodland, CA, for Petitioner–Appellant.

Carlos A. Martinez, DAG, Office of the California Attorney General, Department of Justice, Sacramento, CA, for Respondent–Appellee.

Before: TALLMAN, BYBEE, and BEA, Circuit Judges.

MEMORANDUM *

Petitioner–Appellant Matthew Lee Jaspar appeals the district court's order denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and affirm. Because the parties are familiar with the factual and procedural history, we do not repeat it here except to the extent necessary for our disposition.

I.

Relying on *Gibson v. Ortiz*, 387 F.3d 812 (9th Cir.2004), Jaspar claims on appeal that the jury instructions violated his constitutional right to due process because they allowed the jury to find him guilty of the charged offense by facts found only by a preponderance of the evidence. Due process requires that the state prove every element charged in a criminal offense beyond a reasonable doubt. *Id.* at 820 (cit-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ing *In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970)). However, Jaspar's claim below was that due process requires some measure of proof beyond a preponderance of evidence to prove *prior offenses,* rather than that the jury instructions incorrectly permitted the jury to convict Jaspar of the *charged offense* by some measure of proof less than proof beyond a reasonable doubt. Accordingly, Jaspar waived his stated claim, and we do not reach its merits. *See Belgarde v. Montana,* 123 F.3d 1210, 1216 (9th Cir. 1997) ("Habeas claims that are not raised in the petition before the district court are not cognizable on appeal.") (quoting *Cacoperdo v. Demosthenes,* 37 F.3d 504, 507 (9th Cir.1994)).[1]

## II.

We have carefully examined Jaspar's remaining claims on appeal and find them to be without merit.

AFFIRMED.

---

1. Even if we were to reach the merits of the *Gibson* claim and assuming without deciding that the claim is meritorious, Jaspar's claim below was identical to his claim before the state courts. Thus, not only has he waived it by failing to raise it below, his failure to raise it before the state courts may render it unexhausted, in which case we would not have jurisdiction to order the district court to grant a writ of habeas corpus. *See* 28 U.S.C. § 2254(b)(1). We do not rely on this ground, however, because it is not clear whether the state courts would find this claim to be procedurally barred and, thus, exhausted despite his failure to raise it before the state courts. *See Coleman v. Thompson,* 501 U.S. 722, 732, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). In-

deed, although we render no opinion on this state law matter, it is possible that the state courts would not find Jaspar's claim to be procedurally barred given that *Gibson* was only recently decided. Further, even if Jaspar's claim is procedurally barred, it is not clear whether Jaspar would be able to "demonstrate cause for the default and actual prejudice as a result of the [*Gibson* error], or demonstrate that failure to consider the claim[ ] will result in a fundamental miscarriage of justice," such that we could review it. *Id.* at 750.

